# LISKOW & LEWIS

A Professional Law Corporation

Liskow.com

701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Main 504.581.7979
Fax 504.556.4108

January 8, 2025

Sean M. Toomey

Direct: (504) 556-4118
stoomey@Liskow.com

The Honorable Karen Wells Roby
United States Magistrate Judge
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

Re: *Vanessa Motta Bond Condition*

Dear Judge Roby:

In anticipation of this afternoon's hearing and consistent with your request of Monday, I have attached a list of 32 cases. These cases involve 18-wheelers, Ryan Harris, a relative/friend of Ryan Harris or was referred by him to Motta Law LLC, and/or Leon Parker.

This list in fact supports Vanessa Motta being able to continue to serve as a paralegal for several reasons. First, 13 of the 18-wheeler cases were judicially stayed and therefore pose no threat to the public. Second, Motta Law LLC is withdrawing from seven of the remaining 19 cases. That leaves a total of 12 additional cases, of which one involves Leon Parker and three involve a relative/friend of Ryan Harris or was referred by him to Motta Law LLC, all from which Motta Law is willing to withdraw and/or find substitute appellate counsel.

The remaining cases – none of which involve Harris, Parker, or relative/friend – amply illustrate that barring Ms. Motta from working as a paralegal is not only overbroad, but unnecessary all together. For example, in the Tanya Bailey case, the accident at issue involved 13 motorists and seven vehicles, one of which was an 18-wheeler. This accident resulted in two fatalities, one a pedestrian initially stuck and killed and a second when a good Samaritan attempting to assist the first person was hit by a passing 18-wheeler. How could this be a staged accident? Similarly, in the Gloria Tate case, the plaintiff was an 18-wheeler driver sleeping in her cab when the cab was struck by another 18-wheeler. More strikingly, plaintiff's counsel in this case is a California based law firm, which is where the litigation is occurring, and Motta Law LLC was only engaged to assist in the medical treatment aspect of the case because the plaintiff resides in Louisiana. Again, how could this Utah accident be staged or a threat to the public? And the Reginal Gordon case was initiated by attorney David Napoleon, who is still lead counsel in the matter and only brought in Motta Law LLC because of the firm's experience in 18-wheeler collisions.

NEW ORLEANS | LAFAYETTE | HOUSTON | BATON ROUGE



EXHIBIT A

LISKOW&LEWIS

2

As to the legal arrangement between Lionel Sutton, Vanessa Motta, and Motta Law LLC, that has already been authorized by the state of Louisiana. As discussed on Monday, after Ms. Motta's December 13, 2024, interim suspension, Ms. Motta has been working around the clock and pursuant to the advice of ethics counsel to comply with this suspension with a deadline of 30 days. This work included the following:

- Communicating with the clients about the interim suspension and what it entails for them and their case.
- Sending documents to the bank holding the IOLTA account to have Lionel Sutton replace Vanessa Motta as the signatory.
- Fill out the necessary documents for the LADB for the interim suspension for Vanessa Motta to be a paralegal.
- Write the correspondence for all parties, counsel, courts, and current clients, of the interim suspension.
- After ethics counsel approved the necessary correspondence, print out all the clients' names and contacting them to obtain the current addresses to mail the correspondence of the interim suspension.
- Send letters to all attorneys for all litigation cases to inform them of the interim suspension.
- Meet with Lionel Sutton about the cases at hand under Motta Law, LLC to facilitate transfer of cases.
- Reach out to several attorneys about oral arguments and/or cases in the Louisiana Fifth Circuit, Fourth Circuit, and LA Supreme Court to take over as Lionel Sutton is not interested in appellate level cases.
- Start drafting and filing all motions to withdraw and substitute, and/or motions to withdraw.

While the arrangement between Motta Law LLC, Ms. Motta, and Mr. Sutton was agreed to orally, in an effort to make clear to the Court that this arrangement is appropriate, those relationships were memorialized in writing and are enclosed with this letter.

In light of the above, it is my recommendation that we initiate the following protocol:

- Motta Law LLC will not work or advance in any way the 26 cases listed above (13 judicially stayed, seven withdrawals, and six Harris/Parker withdrawals/referral).

- If the government at any time believes there are additional specific cases that involve fraud, the government should notify the Court.[1]

- At that point, the government must provide the Court *ex parte* and *in camera* – not to the defendant – some evidence of their concerns so that the Court can decide if additional cases should be included on the no work/advance list.

---

[1] It should be noted that Motta Law LLC only has an additional approximate 44 cases, which is not an insurmountable number of cases for the government to evaluate.

LISKOW&LEWIS

3

In contrast, the government's position is simply "we don't know whether any of these cases are fraudulent, but better safe than sorry," notwithstanding the 1) institutional legal protections embedded in civil litigation, 2) the obvious absence of fraud in many of these matters, 3) the government's decision to do nothing about these cases for five years, which undermines its new belief the public is in danger, and 4) the catastrophic impact such a result would have not only of Ms. Motta's ability to defend herself, but also the health and safety of her small children.

In short, an indictment is just an accusation, not a basis to bankrupt a person.

Sincerely,

Sean M. Toomey

Motta Law LLC – List of Requested Cases

The following cases involve a collision with an 18-wheeler:

- Sameka Graham and Fredderice King - Case No. 2019-04865 Div. A in CDC – This case involved three plaintiffs, one of who was represented by Bruno and Bruno. The plaintiff represented by Bruno and Bruno reached a settlement with the defendant. Both of the remaining plaintiffs were offered settlements but refused to accept those settlements. As a result, to the extent these plaintiffs wish to continue pursuing their claims, they need to file a motion to set it for trial as all deadlines have surpassed.

- Sherman Williams, et al - Case No. 2019-01111 Div. L in CDC - Plaintiffs were heading to a friend's house and the 18-wheeler changed lanes from the left lane to the middle lane. Commercial driver was given a citation for reasonable vigilance at the time of the collision.

- Tanya Bailey and minor - Case no. 2024-00197 Div E – This accident involved 13 motorists and 7 vehicles, one of which was an 18-wheeer. This accident resulted in two fatalities. Motta Law LLC's plaintiffs/clients attempted to drive around the accident and was rear-ended. When the parties were on the side of the road waiting for the police, the 18-wheeler came through and hit and killed the person who died.

- Iesha Arnold – 2024 – This involved a three-car collision, two vehicles and an 18-wheeler. Plaintiff had her hazard lights on and was moving over to the emergency area because her tires were losing air and the vehicle was making noise. As she was entering the right lane, she was hit from behind but does not know if it was the 18-wheeler or the third vehicle, a black truck. Both parties have been notified of the claim, but active litigation has not commenced.

- Reginal Gordon – 2024 – This was initiated by David Napoleon, who is still lead counsel. Motta Law LLC was asked to assist as co-counsel. This case is still in pre-litigation and no case has been filed. In this case, an 18wheeler case backed up and did not see the plaintiff, striking the plaintiff.

- Gloria Tate – 2023 – This accident occurred in Utah. The plaintiff/client is a resident of Louisiana who was driving in Utah. The defendant company is a California entity. The plaintiff/client is represented by a California law firm. That California law firm engaged Motta Law LLC to assist with the Louisiana medical treatment. This accident involved two 18-wheelers. The plaintiff was an 18-wheeler driver who was sleeping in her cab when another 18-wheeler backed up and t-boned her 18-wheeler causing it to be totaled.

The following cases involve a collision with an 18-wheeler and in which Motta Law LLC is withdrawing or staying pending resolution of criminal matter:

- Theresa Jefferson, et al- 2017 *Motta Law LLC is staying this case pending resolution of criminal matter*
- Terrell Green, et al- 2017 *This case is already stayed by agreement of parties*
- George Hamilton- 2018 *Motta Law LLC is staying this case pending resolution of criminal matter*
- Ryan Harris- 2017 *Motta Law LLC is withdrawing*
- Latoya Statum- 2017 *Motta Law LLC is staying this case pending resolution of criminal matter*
- Kentrail Foster, et al- 2018 *Motta Law LLC is withdrawing*
- Yolanda Davis, et al- 2017 *Motta Law LLC is withdrawing*

The following cases involve a collision with an 18-wheeler and have been judicially stayed and will not be opened until this criminal matter is concluded:

- Clem Gills, et al – 2:2018cv13604
- Ciara Williams- 2:2018cv14000
- Consuela Lee, et al - 2:2019cv09978
- Michael Ruffin, et al- 2:2018cv07284
- Alexis Warren, et al - 2:2018cv07599
- Marco Odds and Wilbert Reese- 2:2018cv08336
- Byron Charles, et al- 2:2018cv12153
- Lynisha Reff, et al- 2:2018cv08350
- Demetria Burkhalter- Henderson, et al- 2:2018cv00928
- Jovan Barre- 2:2018cv13604
- Kyna Wimbush, et al- 2018- 2:2019cv13641
- Lanell Smith, et al- 2:2018cv09464
- Frederick Theophile- 2:2024cv01805

This collision involved Ryan Harris:

- Ryan Harris and Douglas Nichols – This January 17, 2023, accident resulted in a pre-litigation settlement (so litigation never commenced). The settlement owed to Ryan Harris is being held in trust because Ryan Harris is in jail. *Vanessa Motta will have no involvement.*

These collisions involved either a relative/friend of Ryan Harris or was referred by him to Motta Law LLC:

- Daniel Harris - Case No. 2017-3303 Div. M – This is not a vehicle collision, but rather is a premise liability case against Boh Bros. The plaintiff in this case is blind and fell through a hole. It is pending at this time with the 4th Circuit Appellate Court. *Attempting to find replacement counsel because of appellate issues.*

- David Perry and Shantay Watkins- Case No. 2018-2401 Div E- Plaintiffs were rear-end on Causeway Blvd. This case is ready for trial, but no trial date has been set. *Motta Law*

*LLC is withdrawing.*

- Allen Santee, Timara Lawrence, and Chiquita Muse - *Motta Law LLC is withdrawing*

These cases involved Leon Parker:

- 2021 case, which is named in the Superseding Indictment – *Motta Law LLC is withdrawing*

- 2023- Case no. 2024-01295 Div. J-15 – This accident involved a seven-car rear end collision. Plaintiff, Leon Parker, was vehicle 5 of the collision. Insurance companies are taking a 50/50 responsibility, Mr. Parker is not a part of the 50/50 of fault. *Motta Law LLC is withdrawing*

MOTTA LAW, LLC

**OF COUNSEL AGREEMENT**

This **Of Counsel Agreement** ("Agreement") is made and entered into, by and between:

**Law Firm**:
[Motta Law, LLC]
[3632 Canal Street, New Orleans, LA 70119]
[504-500-7246]
[vanessa@mottalaw.com]
(Hereinafter referred to as the "Firm")

**Of Counsel Attorney**:
[Lionel Sutton, III]
[3632 Canal Street, Ste 200, New Orleans, LA 70119]
[504-513-3333]
[lsutton@suttonlaw.us]
(Hereinafter referred to as the "Of Counsel Attorney")

**WHEREAS**, the Firm desires to engage the services of the Of Counsel Attorney in accordance with the terms and conditions set forth in this Agreement; and

**WHEREAS**, the Of Counsel Attorney is willing to provide legal services to the Firm under the terms and conditions outlined below.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, the parties agree as follows:

1. **Engagement and Scope of Services**

The Firm hereby engages the Of Counsel Attorney to provide legal services in the following areas:

- [Personal Injury Cases in State and Federal Court]
- [Contract Cases]

The Of Counsel Attorney agrees to provide services as requested by the Firm and will work collaboratively with the Firm's attorneys (if any) and staff.

2. **Independent Contractor Status**

The Of Counsel Attorney is an independent contractor and not an employee, partner, or associate of the Firm. As such, the Of Counsel Attorney shall not be entitled to any benefits or compensation typically provided to employees of the Firm, including health insurance, retirement plans, or bonuses. The Of Counsel Attorney will be solely responsible for their own taxes, fees, and expenses.

3. **Compensation**

(a) **Fee Structure**: The Firm agrees to compensate the Of Counsel Attorney as follows:

- [Pro Rata Share of revenue from client matters handled by the Of Counsel Attorney during Interim Suspension of Motta and the time Lionel Sutton works on the cases.]

(b) **Additional Expenses**: The Firm shall reimburse the Of Counsel Attorney for reasonable and pre-approved out-of-pocket expenses incurred in connection with services rendered, such as travel expenses, court fees, or expert witness fees.

4. **Term and Termination**

(a) **Term**: This Agreement shall commence on the Effective Date and shall continue indefinitely, subject to termination by either party.

(b) **Termination for Convenience**: Either party may terminate this Agreement at any time upon 3 days' written notice to the other party.

(c) **Termination for Cause**: Either party may terminate this Agreement immediately for cause, including but not limited to breach of this Agreement, unethical conduct, or violation of applicable professional rules of conduct.

(d) **Post-Termination Obligations**: Upon termination of this Agreement, the Of Counsel Attorney shall return all Firm property and cease representing the Firm or its clients in any matter unless otherwise agreed.

5. **Confidentiality**

The Of Counsel Attorney agrees to maintain the confidentiality of all information related to the Firm's clients, cases, strategies, and proprietary business matters, in accordance with applicable laws, professional ethics, and the Firm's policies. This obligation of confidentiality shall survive the termination of this Agreement.

6. **Conflict of Interest**

The Of Counsel Attorney shall immediately notify the Firm of any potential conflicts of interest that may arise. The Firm reserves the right to address such conflicts, including reassignment of matters or withdrawal from representation, if necessary.

7. ** Non-Solicitation**

(a) **Non-Solicitation**: During the term of this Agreement and for a period of [1] years following termination, the Of Counsel Attorney agrees not to solicit or attempt to solicit the Firm's clients or employees for their own benefit or the benefit of a third party.

8. **Professional Responsibilities**

The Of Counsel Attorney agrees to abide by all applicable professional rules of conduct, including those set forth by the [Louisiana State bar association, American Bar Association, etc.], and will perform their duties with the highest standards of legal and professional ethics.

9. **Insurance**

The Of Counsel Attorney shall maintain professional liability insurance with coverage limits of at least [$0]. The Firm reserves the right to request proof of insurance upon reasonable notice.

10. **Indemnification**

The Of Counsel Attorney agrees to indemnify, defend, and hold harmless the Firm from any claims, damages, or liabilities, including legal fees, arising from any negligent or wrongful act or omission by the Of Counsel Attorney in the course of providing legal services under this Agreement.

11. **Governing Law**

This Agreement shall be governed by and construed in accordance with the laws of the state of [Louisiana], without regard to its conflict of law provisions.

12. **Dispute Resolution**

Any disputes arising from or related to this Agreement shall be resolved through [arbitration] in [New Orleans, Louisiana]. The parties agree to attempt to resolve any disputes amicably through good faith negotiations before resorting to formal dispute resolution procedures.

13. **Entire Agreement**

This Agreement contains the entire understanding between the parties regarding the subject matter hereof and supersedes all prior or contemporaneous agreements or understandings, oral or written, between the parties. Any amendment to this Agreement must be in writing and signed by both parties.

**IN WITNESS WHEREOF**, the parties have executed this Agreement as of the Effective Date.

**For the Firm:**

Signature: *[signature]*
Name: [Vanessa Motta]
Title: [Owner/Manager]
Date: 01/08/2025

**Of Counsel Attorney:**

Signature: *[signature]*
Name: [Lionel Sutton, III]
Date: 1/6/25

MOTTA LAW, LLC

**PARALEGAL SERVICES AGREEMENT**

This Paralegal Services Agreement ("Agreement") is entered into by and between:

**Attorney:**
[Lionel Sutton, III]
[Motta Law, LLC *of counsel*]
[3632 Canal Street, New Orleans LA 70119]
[504-513-3333]
[lsutton@suttonlaw.us]
(Hereinafter referred to as "Attorney")

and

**Paralegal:**
[Vanessa Motta]
[3632 Canal Street, New Orleans, LA 70119]
[323-605-4566]
[vanessa@mottalaw.com]
(Hereinafter referred to as "Paralegal")

**Effective Date:** [Once Verified and Agreed by the Parties and Ethics Counsel]

1. Scope of Services**

The Attorney agrees to engage the Paralegal to provide professional paralegal services as specified below:

- Drafting legal documents (e.g., motions, pleadings, correspondence).
-Drafting and Responding to Discovery
- Legal research and analysis.
- Client interviews and communication.
- File organization and management.
- Administrative support related to case preparation and litigation.
- Any other services as reasonably requested by the Attorney that fall within the Paralegal's qualifications and expertise.

The Paralegal agrees to perform these services in accordance with applicable legal and ethical standards, and in compliance with all relevant local and state regulations.

2. Independent Contractor Status**

The Paralegal is an independent contractor and not an employee of the Attorney or the law firm. As such, the Paralegal shall not be entitled to any employee benefits, including but not limited to

health insurance, vacation, or sick leave. The Paralegal is solely responsible for their own taxes, insurance, and other personal obligations.

3. Compensation**

(a) The Attorney agrees to pay the Paralegal at the rate of [$35.00 to $50.00] per hour for services rendered depending on the time frame on the case due to the quantum meruit of Motta as an attorney on the case prior to the change to a Paralegal.

(b) Alternatively, compensation may be provided at a fixed fee per project, as agreed upon by both parties in writing.

(c) The Paralegal shall submit an invoice for services rendered [on a conclusion of a case] basis. The Attorney, [through Motta Law, LLC operating acct] agrees to pay the Paralegal within [7] days of receiving the invoice.

4. Confidentiality**

The Paralegal agrees to maintain the confidentiality of all information related to cases, clients, and the Attorney's practice. This includes all privileged communications, client records, and any other sensitive information that may be disclosed during the course of the Paralegal's work. The obligation of confidentiality shall survive the termination of this Agreement.

5. Conflict of Interest**

The Paralegal agrees to disclose any potential conflicts of interest that may arise during the course of their work. The Attorney may, at their discretion, decide whether such a conflict is disqualifying or may be resolved through appropriate measures.

6. Term and Termination**

(a) This Agreement shall commence on the Effective Date and continue until terminated by either party upon [written notice of the conclusion of the Interim Suspension].

(b) Either party may terminate this Agreement with or without cause upon providing written notice. Upon termination, the Paralegal shall return any documents, files, or materials belonging to the Attorney, through Motta Law, LLC and shall be compensated for work completed up to the termination date.

7. Professional Standards**

The Paralegal agrees to perform all services in compliance with applicable legal and ethical standards, including those set forth by the American Bar Association and the National Association of Legal Assistants, as well as any local regulations governing paralegals.

8. Governing Law**

This Agreement shall be governed by and construed in accordance with the laws of the state of [Louisiana], without regard to its conflict of law principles.

9. Entire Agreement**

This Agreement contains the entire understanding between the parties with respect to the subject matter hereof and supersedes all prior or contemporaneous written or oral agreements between the parties regarding such subject matter. Any amendments to this Agreement must be in writing and signed by both parties.

**IN WITNESS WHEREOF**, the parties have executed this Agreement as of the date first above written.

**Attorney:** *Through Motta Law, LLC*
Signature: _____
Name: [Lionel Sutton, of counsel]
Date: 1/6/25

**Paralegal:**
Signature: _____
Name: [Vanessa Motta]
Date: 1/8/25