UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 24-105** |
| v. | * | **SECTION: "D" (1)** |
| **SEAN D. ALFORTISH**<br>**LEON M. PARKER** | * | |
| * | * | * |

### CAPITAL-ELIGIBLE MURDER DEFENDANTS' STATUS CONFERENCE STATEMENT AND REQUEST TO CONTINUE MOTION HEARING WITHOUT DATE

Defendants Sean D. Alfortish and Leon M. Parker (the "Capital-Eligible Murder Defendants") are charged in a Second Superseding Indictment, along with seven other defendants who are not charged with murder (the "Fraud Defendants"). The Capital-Eligible Murder Defendants submit this Status Conference Statement and Request to Continue Motion Hearing Without Date, and assert as follows:

A hearing and ruling on the "forfeiture by wrongdoing" exception to the Confrontation Clause of the Sixth Amendment is grossly premature. This issue is of constitutional magnitude and intensely fact-based, and it is likely to be the central evidentiary issue that will arise at trial of these Defendants. Due process dictates that the Murder Defendants have a chance to review discovery and investigate the facts so that they can intelligently respond to and rebut the evidence the Government intends to use to meet its burden of proof.

Admission of out-of-court statements by a non-testifying witness violates the Confrontation Clause of the Sixth Amendment. This is a bedrock constitutional principle. The Government asks this Court to take the extraordinary step of admitting such statements under the "forfeiture by wrongdoing" doctrine, which requires the government to show by a preponderance of the evidence (at least) that the defendant against whom admission is sought is responsible for

making the witness unavailable. As the burden of *proof* attests, this is a *fact-based* inquiry. But when only one side (the Government) knows the facts, any hearing (or ruling) on the issue is rendered farcical, because the "defense" is literally defenseless to contest whatever the Government offers to meet its burden.

      The Government has been investigating this case for more than five years and has had the use of the Grand Jury and numerous Federal Agents to gather facts and prepare its case. The Murder Defendants are each represented by a single CJA counsel who was just appointed in December 2024. They were not charged with Murder until April 25, 2025. The government has been producing discovery which, to date, consists of more than **3 million** Bates numbered items. Many of the individually Bates numbered documents are Excel spreadsheets containing voluminous amounts of data, and there are also a substantial number of other native files such as videos, audio recordings, etc., that likely contain many hours of media. The sheer volume of this discovery is overwhelming and will require substantial additional time and resources just to understand what all has been produced, much less to review, digest and evaluate it for use. And although the defense appreciates the Government's offer to direct them to certain documents the Government believes are important, obviously the defense cannot rely solely on this offer of help and must undertake its own analysis and investigation of this case. To do otherwise would make a mockery of the adversarial process and constitute grossly ineffective assistance of counsel.

      The below chart shows the dates productions have been made and the Bates numbers of the documents produced on those dates. As the Murder Defendants believes should be clear, it would not be humanly possible to have processed, reviewed, understood, and prepared to use this discovery in the time that has elapsed since the appointment of counsel and the production of the material.

| Production No. | Date Received | Bates No. |
|---|---|---|
| 1, 2, & 3 | 1-10-2025 | 1- 8,403 |
| 4 | 1-23-2025 | 8,404 – 393,454 |
| 5 | 2-5-2025 | 393,455 – 446,133 |
| 6 | 2-25-2025 | 446,134 – 446,139 |
| 7 | 3-6-2025 | 44,6140 - 593,146 |
| 8 | 3-13-2025 | 593,147 - 821,714 |
| 9 | 3-25-2025 | 821,715 - 2,496,890 |
| 10 | 4-11-2025 | 2,496,891 - 2,569,929 |
| 11 | 4-21-2025 | 2,569,930 - 2,582,706 |
| 12 | 4-24-2025 | 2,582,707 - 2,859,251 |
| 12A | 5-1-2025 | No Bates Numbers |
| 13 | 5-1-2025 | 2,859,252 - 2,898,884 |
| 14 | 5-6-2025 | 2,898,885 - 3,070,518 |

And discovery is not yet complete. As examples, (1) Murder Defendant Alfortish's telephone records were just produced *two weeks ago*; (2) some 300,000 additional Bates numbered items of still unknown information was produced just *two days ago* (Production 14); and (3) just *yesterday* the Government informed counsel for Murder Defendant Parker that there is a recorded statement between his client and a lawyer from a Fraud Defendant law firm that discusses Cornelius Garrison, the witness whose statements the Government seeks to introduce. This recorded statement—which raises serious attorney-client privilege concerns—has yet to be produced to the defense. It is unclear to the defense how much more discovery remains to be produced, but the Government has advised that there is still more to come.

The Government seems to contend that since its burden on the forfeiture-by-wrongdoing motion is "only" a preponderance, the Court need only consider what it has submitted in making its ruling. Once again, this position makes a mockery of the adversarial process. Whether the burden is preponderance, clear and convincing, or beyond a reasonable doubt, an adversarial

3

process is meaningless if one side is unable and unprepared to challenge the evidence offered by the other, or present other evidence for the Court to weigh against the Government's proffer. Counsel for the Capital-Eligible Murder Defendants cannot possibly be prepared to engage in a meaningful adversarial hearing on the central evidentiary issue for a trial at which they will face either life imprisonment or the death penalty, until discovery is complete ***and*** counsel have had ample opportunity to review and evaluate it. Until defense counsel have been given such an opportunity, they simply cannot provide constitutionally effective representation for their clients in this murder prosecution, and it would be a denial of due process for the Court to proceed with the contemplated hearing and ruling on the forfeiture-by-wrongdoing motion. Accordingly, Defendants Alfortish and Parker respectfully request that the hearing on the forfeiture-by-wrongdoing motion be continued until after discovery is complete and there has been sufficient time for them to analyze that discovery and prepare their defenses.

Respectfully submitted,

/s/ Shaun G. Clarke
Shaun G. Clarke (La. Bar No. 24054)
**MURPHY BALL STRATTON LLP**
650 Poydras Street, Suite 1400
New Orleans, Louisiana 70130
Telephone: (504) 977-1110
sclarke@mbssmartlaw.com

**COUNSEL FOR DEFENDANT,
SEAN D. ALFORTISH**

/s/ Stephen J. Haedicke
(Bar Roll No. 30537)
Law Office of Stephen J. Haedicke, LLC
1040 Saint Ferdinand St.
New Orleans, LA   70117
(504)291-6990 Telephone
(504)291-6998 Fax
Stephen@haedickelaw.com

**COUNSEL FOR DEFENDANT,
LEON M. PARKER**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically on May 8, 2025, upon all attorneys of record via the Court's CM/ECF system.

/s/ Stephen Haedicke