UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **DOCKET NO. 24-105** |
| | * | |
| | * | |
| **VS** | * | **SECTION: "D"** |
| | * | |
| | * | |
| **MOTTA LAW LLC** | * | |
| | * | |
| | * | |

<u>**MEMORANDUM IN SUPPORT OF MOTTA LAW LLC'S MOTION TO COMPEL**</u>

Defendant Motta Law LLC ("Motta Law" or "Defendant") submits the following Memorandum in Support of its Motion to Compel seeking an Order compelling the Government to produce the motion, affidavit, and proposed order provided to Judge Brown in support of the Government's request for an order finding that the crime-fraud exception applied to communications between any attorney associated with Motta Law LLC during the "time frame of the conspiracy and their clients who participated in staged collisions." Exhibit A (Order, *In Re: Grand Jury Proceedings*, Grand Jury No. 08-23-75 "G" (E.D. La. Mar. 20, 2024)).

I.     **INTRODUCTION**

The Defendant has a right to defend itself and that includes understanding whether a legal challenge may (or may not) exist to documents obtained by the government in relying on an order obtained by Judge Brown dated March 20, 2024 ("The Order"). The Order states that "the crime-fraud exception applies to communications between any attorney associated with Motta Law, L.L.C. . . . during the time frame of the conspiracy and their clients who participated in the stages collisions." Exhibit A.

The Order was attached to a grand jury subpoena served on the Defendant on August 2, 2024. Upon receipt of the subpoena and review of The Order, the Defendant was unable to

determine which communications were impacted by The Order because the Defendant was and is unaware of any conspiracy or the staging of car accidents. Based on that confusion, on September 17, 2024, the Defendant raised this issue with the Government. *See* Exhibit B (Email from Sean Toomey to Matthew Payne et al. dated September 17, 2024, Re: Motta Matter – Subpoena Update). The Government refused to provide clarifying information to Defendant and instead elected to seek, via *ex parte* submission, an order from this Court compelling the Defendant to produce documents that are subject to The Order, which the Court granted. The Defendant filed a motion for reconsideration of that order, which was denied by this Court.

After being indicted, Motta Law sent the Government a request on January 7, 2025, for discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure. The Government has since made a series of rolling productions of documents totaling over 3,000,000 pages/items of material. After reviewing that material, Defendant could not locate the motion, affidavit, and proposed order that presumably was presented to Judge Brown for her consideration in issuing The Order. Being unable to locate those documents, on March 21, 2025, the Defendant specifically requested this material from the Government. Exhibit C (Letter from Sean Toomey to Matt Payne et al. dated March 21, 2025, Re: *US v. Vanessa Motta*). On March 25, 2025, the Government responded to that request by stating the government does "not intend to produce any filing that preceded [The Order]." Exhibit D (Email from Matthew Payne to Sean Toomey et al. dated March 25, 2025, Re: US v. Motta – Discovery Letter).

In the instant motion, the Defendant merely asks this Court to compel the Government to produce those documents so that the defense may be able to analyze them in support of its defense the same way a defendant analyzes affidavits accompanying search warrants in the ordinary course of discovery and preparing a defense.

## II. LAW AND ARGUMENT

Federal Rule of Criminal Procedure 16 provides that, "[u]pon a defendant's request, the government *must* permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is *material to preparing the defense*; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(E) (emphasis added). The motion and its attachments underlying The Order are documents that are material to evaluate whether or not Judge Brown's Order was based on legally sufficient facts and otherwise complied with constitutional requirements. The Defendant seeks this material in the same way it seeks and analyzes an affidavit provided to a court in obtaining a search warrant. While Defendant recognizes that Rule 16 normally does not apply to grand jury proceedings, Rule 6(a)(3) specifically provides for discovery as provided in Rule 6.

Grand jury secrecy is not absolute, and this Court should compel the Government produce the motion and all attachments thereto pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i). Rule 6 provides that, the "court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding . . . ." Fed. R. Crim. P. 6(e)(3)(E)(i). This rule prevents exactly what is occurring here: the Government from hiding under the veil of a separate grand jury proceeding to conduct discovery for another judicial proceeding. Rule 6 allows the Court to disclose the Government's motion, affidavit, and proposed order because of the connection with the instant criminal proceedings.

Parties seeking disclosure under this provision "must show a particularized need for the material, which requires 'the material they seek is needed to avoid a possible injustice in another

judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.'" *See In re Doe*, 537 F. Supp. 1038, 1042–43 (D.R.I. 1982) (internal quotations omitted) (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979)). Here, Motta Law can show a particularized need for a copy of the motion and its attachments because without those documents, Motta Law is unable to evaluate whether or not Judge Brown's Order was based on legally sufficient facts and otherwise complied with constitutional requirements. Additionally, where, as here, a litigant is already aware of the existence of the subject document, "the release of the document to the litigant will reveal little about the nature and scope of the grand jury investigation that is not already known." *See id.* at 1044-45 (collecting cases). In short, there is no need for continued secrecy. This case has been indicted and the Defendant is preparing for a September 8, 2025, trial. There is no harm that will come from the Court disclosing to Motta Law the motion, along with the affidavit, and proposed order. Accordingly, the Court should order the production of the motion and its attachments.

## III.   CONCLUSION

For the foregoing reasons, Motta Law LLC respectfully requests that this Court enter an Order compelling the Government to immediately produce the motion, affidavit, and proposed order provided to Judge Brown in connection with her issuing The Order.

-5-

        Respectfully submitted,

        */s/ Sean M. Toomey*
        Sean M. Toomey (Bar # 36055)
        **LISKOW & LEWIS**
        Hancock Whitney Center
        701 Poydras Street, Suite 5000
        New Orleans, Louisiana 70139-5099
        Telephone: (504) 581-7979
        Facsimile: (504) 556-4108

        ***Attorney for Defendant Motta Law LLC***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th day of July, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

        */s/ Sean M. Toomey*