## Sean Toomey

| | |
|---|---|
| **From:** | Payne, Matthew (USALAE) <Matthew.Payne@usdoj.gov> |
| **Sent:** | Tuesday, September 17, 2024 5:12 PM |
| **To:** | Sean Toomey; Klebba, Brian (USALAE); McLaren, Ryan (CRM) |
| **Subject:** | RE: [External Email] Motta Matter - Subpoena Update |

**[EXTERNAL EMAIL]**

Sean,

We're happy to talk tomorrow at 3pm. We believe the crime-fraud order speaks for itself. Please remember that passengers have pleaded guilty in several of the accidents that were subpoenaed, and the crime-fraud exception applies regardless of the attorney's knowledge of the client's criminal intent. *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) ("The privilege for communications between client and attorney ceases when the purpose of the privilege is abused, when the lawyer becomes either the accomplice or the unwitting tool in a continuing or planned wrongful act.").

Also, as to your concerns regarding Ms. Motta testifying as the custodian of records for Motta Law LLC, we refer you to *Braswell v. United States*, 487 U.S. 99, 100, 108 S. Ct. 2284, 2286, 101 L. Ed. 2d 98 (1988) (holding a corporate custodian may not resist a subpoena for corporate records on the ground that the act of production would incriminate him in violation of the Fifth Amendment).

We will call you at your office tomorrow at 3pm.

Thanks,
Matt

---

Matthew R. Payne
Assistant U.S. Attorney
USAO, E.D. Louisiana
(504) 680-3081 office

**From:** Sean Toomey <SToomey@liskow.com>
**Sent:** Tuesday, September 17, 2024 2:51 PM
**To:** Payne, Matthew (USALAE) <mpayne@usa.doj.gov>; Klebba, Brian (USALAE) <BKlebba@usa.doj.gov>; McLaren, Ryan (CRM) <Ryan.McLaren@usdoj.gov>
**Subject:** [EXTERNAL] Motta Matter - Subpoena Update

Gentlemen,

I wanted to follow-up with you all regarding an issue I raised the other week. As you know, the subpoena requests material that may be protected from disclosure via the attorney client privilege and/or work product doctrine. The subpoena included a waiver of the attorney-client privilege signed by Cornelius Garrison. As a result, as to Mr. Garrison, we produced material to you the other week and will continue to do so. However, there are no other waivers signed by clients of Motta Law LLC. As a result, there is some material that is responsive to your subpoena that would be protected from disclosure via the attorney client privilege and/or work product doctrine as to those other clients. Also attached to your subpoena is an order issued by Judge Brown on March 20, 2024 (the "Order"). This Order states that the crime-fraud exception applies to communications between any attorney associated with Motta Law LLC "during the time frame of the conspiracy and their clients who participated in staged collisions." As an initial matter, and as I've told you in the past, we are not aware of the existence of any

conspiracy or the existence of any staged collision and thus this Order has no connection to your subpoena. Therefore, to comply with the firm's ethical obligations we are required to protect from disclosure any potentially responsive material that is protected by the attorney client privilege and/or work product doctrine. To do otherwise may not only be unethical but may also expose Motta Law LLC to malpractice claims. As a result, we may have nothing more to produce to you in response to your subpoena (other then continuing to produce material as to Mr. Garrison as it is reviewed and on a rolling basis). Additionally, were we to produce this material and incur those ethical and litigation risks, the government may also claim that Motta Law LLC has conceded that the material called for is connected to a conspiracy and that clients participated in staged collisions. While Motta Law LLC does not have fifth amendment protection, it is not required to falsely concede criminal conduct in order to comply with a grand jury subpoena.

I'm happy to discuss potential paths forward, e.g., motion practice. And should you consider simply attempting to obtain a new order that specifies specific cases by case number and individuals by name whose conduct establishes the crime-fraud exception to the attorney-client privilege (which would likely resolve the concerns I outlined above), I would respectfully request that I be allowed to participate in any such effort in some sort of non-ex parte hearing where witnesses could be cross examined and evidence presented.

Finally, in the light of the above, I'm wondering what if anything you need from me to make this position clear to the grand jury? And just to let you know, I'm not sure there are any corporate representatives or officers of Motta Law LLC other than Vanessa Motta. Assuming that is the case, if required to appear as the corporate representative, Ms. Motta would be asserting her Fifth Amendment right and not answer any questions from the government on any subject.

Thanks,
Sean


Sean Toomey
Shareholder



P: 504.556.4118
C: 504.214.8146
stoomey@liskow.com

Hancock Whitney Center | 701 Poydras Street | Suite 5000
New Orleans, Louisiana 70139
liskow.com

Liskow & Lewis, A Professional Law Corporation. This communication is solely for the person to whom it is addressed. It contains legally privileged and confidential information. If you are not the intended recipient, you may not forward, disclose, copy, print, or save the message or its attachments. If you have received this message in error, please notify me immediately, and please delete this message.