UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 24-105** |
| **v.** | * | **SECTION: "D"(1)** |
| **RYAN HARRIS,** *et al.* | * | |
| | * * * | |

## GOVERNMENT'S OPPOSITION TO MOTTA LAW, LLC'S MOTION TO COMPEL

The United States of America, through the undersigned attorneys, hereby opposes Motta Law, LLC's Motion to Compel. *See* Rec. Doc. 341. Motta Law's request for compelled production of a sealed grand jury filing fails for multiple reasons, including that Motta Law cannot specify what it hopes to accomplish by obtaining the filing. Because grand jury secrecy rules prohibit the types of fishing expeditions described by Motta Law, the instant motion to compel should be denied.

## FACTS AND PROCEDURAL HISTORY

Before Motta Law was indicted, it was the subject of a federal investigation into fraudulent lawsuits based on staged collisions with 18-wheeler tractor-trailers. As part of the investigation, Motta Law was served a grand jury subpoena for certain client files and other records related to fraudulent lawsuits. The government also provided Motta Law with an order signed by U.S. District Judge Nannette Jolivette Brown finding that the crime-fraud exception applied to Motta Law's clients. *See* Rec. Doc. 341-2 (signed crime-fraud order). Motta Law sought unsuccessfully to quash the subpoena and to obtain the government's motion that led to the signed crime-fraud order. Ultimately, Motta Law was compelled to comply with the subpoena and produced documents that would otherwise arguably have been protected by the

attorney-client privilege. The Court's December 5, 2024, order denying Motta Law's motion for reconsideration was sealed under Grand Jury No. 02-24-47, and was provided to Motta Law.

In December 2024, the grand jury charged Motta Law and nine codefendants in a 10-count indictment with, among other things, conspiracy to commit mail and wire fraud related to fraudulent lawsuits based on staged collisions. Rec. Doc. 78. In April 2025, the grand jury returned a second superseding indictment that added certain codefendants to murder-related counts that do not include Motta Law. Rec. Doc. 256. Trial is currently scheduled to begin on Monday, September 8, 2025. Rec. Doc. 208.

In the instant motion, Motta Law seeks compelled production of the sealed grand jury motion the government filed to obtain the crime-fraud order signed by Judge Brown. Rec. Doc. 341. Motta Law claims that it needs the sealed grand jury motion "so that the defense may be able to analyze [it] in support of its defense the same way a defendant analyzes affidavits accompanying search warrants in the ordinary course of discovery and preparing a defense." Rec. Doc. 341-1, p. 2. Notably, Motta Law does not specify any particular misconduct by the government in its filing or any claims it intends to pursue once it has reviewed the sealed grand jury motion. Instead, Motta Law relies on discovery provisions in Federal Rule of Criminal Procedure 16, as well as Federal Rule of Criminal Procedure 6(e)(3)(E)(i), which provides that a court "may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). For the reasons below, Motta Law's motion is meritless, and it should be denied.

**LAW AND ARGUMENT**

Motta Law's motion is meritless for four reasons. First, Motta Law is incorrect to make a one-to-one comparison between search warrant affidavits and grand jury filings seeking evidentiary rulings such as those concerning the crime-fraud exception. Second, Motta Law lacks standing and cannot invoke its clients' attorney-client privileges vicariously. Third, Motta Law cannot overcome the strong presumption favoring continued secrecy of grand jury proceedings where Motta Law is engaging in an improper fishing expedition. And fourth, the specific provision Motta Law cites does not permit disclosure in these circumstances.

First, although search warrants and grand jury subpoenas are superficially similar because both are tools for obtaining evidence during investigations, search warrant affidavits and grand jury filings seeking evidentiary rulings are not the same, and they should not be treated interchangeably. Tellingly, Motta Law cites no authority holding that grand jury filings by prosecutors are subject to the same standards as search warrant affidavits, and the government has found none. This is for good reason. Search warrants require a judicial finding of probable cause that the places or things to be searched contain evidence of crimes, as well as particularity as to the places to be searched and the things to be seized. *See United States v. Triplett*, 684 F.3d 500, 504 (5th Cir. 2012). Because search warrant affidavits are often where probable cause and particularity are satisfied, the government typically produces them to the defense as part of its constitutional and discovery obligations.

By contrast, "'the government cannot be required to justify the issuance of a grand jury subpoena by presenting evidence sufficient to establish probable cause because the very purpose of requesting the information is to ascertain whether probable cause exists.'" *In re Ingram*, No. 12-431, 2012 WL 6840542, at *3 (E.D. La. Feb. 29, 2012) (Africk, J.) (quoting *United States v.*

3

*R. Enterprises, Inc.*, 498 U.S. 292, 297 (1991)). "Indeed, '[r]equiring the government to explain in too much detail the particular reasons underlying a subpoena threatens to compromise the indispensable secrecy of grand jury proceedings.'" *Id.* (quoting *R. Enterprises*, 498 U.S. at 298). "'Broad disclosure also affords the targets of investigation far more information about the grand jury's internal workings than the Federal Rules of Criminal Procedure appear to contemplate.'" *Id.* (quoting *R. Enterprises*, 498 U.S. at 298). "[A] grand jury investigation necessarily involves a fishing expedition by the grand jury, but such fishing is permissible so long as it is not an *arbitrary* fishing expedition." *Id.* (quotation marks omitted) (emphasis in original). Although application of the crime-fraud exception requires a showing of probable cause, *see Amusement Indus., Inc. v. Stern*, 293 F.R.D. 420, 426-27 (S.D.N.Y. 2013), those types of evidentiary findings in furtherance of grand jury investigations lack the trappings of search warrants—they do not have the same particularity requirements, they are not sworn out by agents, and they are designed to satisfy the Federal Rules of Evidence, not the Constitution. In other words, Motta Law is wrong to equate search warrant affidavits and sealed grand jury motions concerning the crime-fraud exception.

Second, even assuming crime-fraud motions were subject to the same scrutiny as search warrant affidavits, Motta Law would lack standing to challenge the crime-fraud order in this case. "[T]o justify the disclosure of a sealed search warrant affidavit, a defendant first must establish that he has an expectation of privacy in the place or thing searched." *United States v. Green*, No. 1:23-CR-00122-LJV-MJR, 2025 WL 1127826, at *2 (W.D.N.Y. Mar. 13, 2025). Thus, if Motta Law is correct and the rules that apply to search warrant affidavits extend to grand jury filings, Motta Law must establish standing to challenge the crime-fraud order signed by Judge Brown. It cannot because, "[i]n general, the attorney-client privilege is personal and

4

cannot be asserted by anyone other than the client." *See United States v. Hatcher*, 323 F.3d 666, 674 n.2 (8th Cir. 2003); *see also United States v. Age*, 136 F.4th 193, 230-31 & n.124 (5th Cir. 2025). Because Motta Law cannot assert the attorney-client privilege vicariously through its clients, it has no more standing to challenge the crime-fraud order than it would to challenge a search warrant affidavit for one of its client's cars or homes.

Third, Motta Law has not demonstrated a need for the crime-fraud motion that outweighs the strong presumption favoring grand jury secrecy. "The proper functioning of the grand jury system depends upon the secrecy of the grand jury proceedings." *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993). "[T]he law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority." *R. Enterprises*, 498 U.S. at 300-01; *see also United States v. Mechanik*, 475 U.S. 66, 75 (1986) (O'Connor, J., concurring in judgment) ("The grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process.").

"The burden is on the party seeking disclosure to show that a particularized need exists for the materials that outweighs the policy of secrecy." *Miramontez*, 995 F.2d at 59 (quotation marks omitted). To meet this burden, a defendant "must demonstrate that (1) the material he seeks is needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) his request is structured to cover only material so needed." *Id.* "This showing must be made even when the grand jury whose transcripts are sought has concluded its operations." *Id.* (quotation marks omitted). "[A]s the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification." *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 223 (1979). That said, "the need for protection of the workings, integrity, and

secrecy of grand jury proceedings is a well-established, long-standing public policy," and "[t]he secrecy of the grand jury proceedings is not something that is intruded into except in rare circumstances." *Shields v. Twiss*, 389 F.3d 142, 147-48 (5th Cir. 2004).

Here, Motta Law offers only vague speculation as to what it hopes to accomplish after obtaining the sealed crime-fraud filing. For example, Motta Law argues that it "is unable to evaluate whether or not Judge Brown's Order was based on legally sufficient facts and otherwise complied with constitutional requirements." Rec. Doc. 341-1, p. 4. This is precisely the type of fishing expedition that Rule 6 prohibits. *See United States v. Loc Tien Nguyen*, 314 F. Supp. 2d 612, 616-17 (E.D. Va. 2004) (denying defendant's request for grand jury materials where defense counsel argued, "[I]f all is well, then there is no problem, but if not, it should be known so that it can be addressed."); *United States v. Gas Pipe, Inc.*, No. 3:14-cr-00298-M, 2018 WL 5046412, at *7 (N.D. Tex. Aug. 7, 2018) (denying defendants' motion to compel disclosure of grand jury transcripts where defendants "believe[d] that the government failed to properly instruct the grand jury regarding the scienter element for an analogue offense") (brackets omitted); *United States v. Ramos*, No. EP:22-CR-1744(1)-KC, 2023 WL 2769433, at *9-10 (W.D. Tex. Apr. 4, 2023) (denying motion to compel disclosure of grand jury transcripts where defendant "offer[ed] only indistinct speculation that the circumstances of this case 'raise concerns' of selective prosecution and other unspecified 'errors' in the grand jury process").

Finally, Motta Law relies on Rule 6(e)(3)(E)(i), but that rule, which allows for disclosure in connection with other proceedings, does not apply here. "While [Motta Law's] criminal trial is certainly a 'judicial proceeding,' it is settled that [Rule 6(e)(3)(E)(i)] applies only to situations where the judicial proceeding for which disclosure of grand jury material is sought is a judicial proceeding different from the criminal trial authorized by the grand jury's indictment." *Loc Tien*

6

*Nguyen*, 314 F. Supp. 2d at 615; *see also United States v. Bunty*, 617 F. Supp. 2d 359, 372 (E.D. Pa. 2008) (citing *Loc Tien Nguyen*, 314 F. Supp. 2d at 615); *United States v. Wemmering*, No. 5:04-CR-347-3F3, 2005 WL 8162295, at *6 n.4 (E.D.N.C. Nov. 4, 2005) (same). Because Motta Law relies on an inapplicable provision in Rule 6, its motion should be denied.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny Motta Law's Motion to Compel. *See* Rec. Doc. 341.

Respectfully submitted,

MICHAEL M. SIMPSON
ACTING UNITED STATES ATTORNEY

/s/ *Matthew R. Payne*
MATTHEW R. PAYNE
BRIAN M. KLEBBA
MARY KATHERINE KAUFMAN
Assistant United States Attorneys
J. RYAN McLAREN
Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Matthew R. Payne*
MATTHEW R. PAYNE
Assistant United States Attorney