UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*<br><br>VERSUS<br><br>MOTTA LAW LLC,<br>*Defendant* | CRIMINAL ACTION<br>NO. 2:24-cr-00105<br><br>SECTION: "D" (1)<br><br>JUDGE WENDY B. VITTER<br><br>MAGISTRATE JUDGE<br>JANIS VAN MEERVELD |

ORDER AND REASONS

This criminal case involves eleven defendants (including two law firms) and relates to the alleged staging of tractor-trailer accidents. Presently before the Court is the Motion to Compel filed by Motta Law LLC ("Motta Law") (Rec. Doc. 341), which concerns certain rulings issued during the grand jury proceedings that precipitated the indictments issued in this case. The Court finds that Motta Law has not established a particularized need for the materials. Accordingly, the Motion to Compel is DENIED.

Background

This criminal action was initiated with the indictment of defendants Ryan Harris and Jovanna Gardner on May 3, 2024. A superseding indictment was issued on December 6, 2024, adding the remaining nine defendants, including attorney Vanessa Motta, and her law firm Motta Law. Trial for these nine defendants is presently set to begin on September 8, 2025.[1]

In the present Motion to Compel, which the District Court has referred to the undersigned for decision, Motta Law seeks certain briefing and attachments created by the government during

---

[1] Defendants Harris and Gardner pleaded guilty.

1

the grand jury investigation that resulted in the indictments in this case. The relevant procedural history of the grand jury investigation is as follows.

On March 20, 2024, the Court[2] issued an order on the government's ex parte motion holding that "the crime-fraud exception applies to communications between any attorney associated with Motta Law, L.L.C. [and three other law firms/lawyers] during the time frame of the conspiracy and their clients who participated in staged collisions" and that "the government attorneys and agents acting at their direction are authorized to obtain evidence of attorney-client communications related to these staged conditions from attorneys and other employees of Motta Law, L.L.C. [and three other law firms/lawyers] in connection with its ongoing investigation." (Rec. Doc. 341-2).

On August 2, 2024, a grand jury subpoena was served on Motta Law. The "crime-fraud exception" order described above was attached. Motta Law produced material related to Cornelius Garrison because the subpoena also included a waiver signed by Garrison. Toomey-Payne Email, Rec. Doc. 341-3. But as to materials related to other clients, Motta Law (through counsel) objected that the Court's crime-fraud-exception order was limited to the time frame of the conspiracy and to communications with clients who participated in staged collisions, but Motta Law was not aware of the existence of any conspiracy or staged collisions. Id. Motta Law took the position that the order had no connection to the subpoena and that it would not produce any further materials protected by the attorney-client privilege. Id.

The government responded that the crime-fraud exception applies regardless of the attorney's knowledge and that passengers have pleaded guilty in several of the accidents that were subpoenaed. Id. The government then filed an ex parte motion to compel Motta Law to produce

---

[2] At this time, the grand jury proceedings were being supervised by Judge Brown who issued the order.

the documents subject to the crime-fraud exception order, which the Court[3] granted. Motta Law filed a motion for reconsideration, but the Court denied it. Among other things, the Court rejected Motta Law's argument that the crime-fraud-exception order had no connection to the subpoena. In re: Grand Jury Proceedings, Grand Jury No. 02-24-47 (E.D. La. Dec. 5, 2024). The Court concluded that the order spoke for itself and no further interpretation of it was necessary. Id.

Motta Law confirmed at oral argument that, thereafter, it complied with the subpoena and produced documents responsive to the subpoena. It did not withhold any documents on the grounds of the attorney-client privilege. It did not seek in camera review.[4]

Presently, Motta Law seeks an order compelling the government to produce the motion, affidavit, and proposed order that the government submitted to Judge Brown and which resulted in the issuance of the crime-fraud-exception order. Motta Law argues that these documents are material to the defense because these documents will help it evaluate whether the crime-fraud-exception order was properly issued (i.e., whether it was based on legally sufficient facts and

---

[3] Judge Vitter was supervising the relevant grand jury at this time and issued the order.

[4] "Under the crime-fraud exception to the attorney-client privilege, the privilege can be overcome where communication or work product is intended to further continuing or future criminal or fraudulent activity." In re Grand Jury Subpoenas, 561 F.3d 408, 412 (5th Cir. 2009) (quoting In re Grand Jury Subpoena, 419 F.3d 329, 335 (5th Cir. 2005)). A crime-fraud exception ruling is often made after the district court conducts an in camera review. E.g., id. ("After conducting an in camera review of the relevant documents, the district court invoked this 'crime-fraud exception' and ordered the disclosure of documents that would have otherwise been protected by the privilege."). "Before a district court engages in an *in camera* examination to determine the applicability of the crime-fraud exception, the court 'should require a showing of a factual basis adequate to support a good faith belief by a reasonable person.'" Grand Jury, 419 F.3d at 335–36 (quoting United States v. Zolin, 491 U.S. 554, 572 (1989)).

> When a district court conducts in camera review of documents, determines that production is appropriate and so orders, it should, as a matter of course, provide the individual who submitted the documents for in camera review an opportunity to comply with the court's order or stand in contempt. Once the district court has provided the individual with this opportunity, the individual must, in order to secure an immediate appeal, stand in contempt as Cobbledick requires. This procedure secures for the individual an avenue of immediate review of the district court's order, maintains the integrity of the Cobbledick doctrine in the context of in camera inspection of documents, and supports the principles underlying the finality requirement.

In re Grand Jury Subpoena, 190 F.3d 375, 388 (5th Cir. 1999) (footnotes omitted).

otherwise complied with constitutional requirements). Motta Law analogizes to obtaining an affidavit provided to a court in obtaining a search warrant.

Motta Law submits that Federal Rule of Criminal Procedure 16 does not apply, but argues that disclosure of the requested documents is authorized under Rule 6(e)(3(E)(i), which provides an exception to the secrecy requirement over grand jury proceedings "preliminarily or in connection with a judicial proceeding." Motta Law argues that it has a particularized need for the material (to evaluate the propriety of the crime-fraud exception order) that is greater than the need for continued secrecy. It points out that it is already aware of the document and this case has already been indicted. It argues that there is no harm that will come from disclosing the motion, affidavit, and proposed order.

The government opposes, arguing that although the affidavits[5] attached to search warrants are sometimes ordered (or voluntarily) disclosed, the same standard does not apply to government briefing related to a grand jury subpoena. Next, the government argues that Motta Law does not have standing to invoke the attorney-client privilege, which belongs to its clients. Third, the government argues that Motta Law cannot overcome the presumption in favor of secrecy of grand jury proceedings. And finally, the government argues that Federal Rule of Criminal Procedure 6(e)(3(E)(i) applies only where grand jury materials are sought in a different criminal proceeding than the one authorized by the grand jury's indictment. Here, however, the requested grand jury materials concern the very criminal proceeding arising from the grand jury's investigation.

In reply, Motta Law complains that the crime-fraud exception order fails to meaningfully describe the "time frame" or "conspiracy" that it references. It submits that it cannot be expected to reasonably identify the time frame and that compliance with the order is entirely impossible. It

---

[5] At oral argument, the government clarified that it does not concede that the motion it filed to obtain the crime-fraud exception included an attached affidavit. It conceded that one or more exhibits was attached.

4

argues further that if it has been cryptic in identifying what it hopes to accomplish after obtaining the documents, this is the result of the government refusing to disclose the documents. It insists it is not engaging in a fishing expedition but seeks the documents because the order is indecipherable. It insists that the order raises legitimate questions like the possibility that the government never identified a specific case or time period and the possibility that the government used the blanket order to obtain privileged documents from not only Motta Law but also others.

At the hearing, the Court questioned Motta Law's counsel about why it might need the motion and supporting documents. Counsel agreed that (1) Motta law is genuinely confused about how to comply with the subpoena; (2) Motta Law hopes to suppress or exclude from trial the use of documents obtained by the government; (3) Motta Law hopes to dismiss the indictment based on the genesis of the ruling, (4) Motta Law is worried that the government used the order to obtain privileged documents from others, (5) Motta Law believes it has a right to consider if the Government's actions were consistent with its ethical obligations and Motta Law's due process rights guaranteed by the Constitution. Counsel explained that statement (1) was the genesis of its concern and conceded that the answer to the other questions may be that there is nothing further to do.

At the Court's request, Motta Law's counsel also provided the Court with a copy of the subpoena that accompanied the crime-fraud-exception order. The subpoena was detailed and listed individual clients and alleged accident dates.

## Law and Analysis

1. *Discovery from the Government in Criminal Matters*

Federal Rule of Criminal Procedure 16 governs discovery in criminal matters. This rule requires the government to make certain disclosures of information. Among other things, it

requires the government to permit inspection and copying of photographs, documents, objects, etc. that are in the government's possession if "(i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed. R. Crim P. 16(a)(1)(E). Additionally, principles of due process require that the government produce to the defendant evidence that "is material either to guilt or to punishment." Brady v. Maryland, 373 U.S. 83, 87, (1963).

2. *Grand Jury Secrecy*

"Federal courts long have recognized that secrecy is essential to maintaining the integrity of the grand jury system." In re Grand Jury Testimony, 832 F.2d 60, 62 (5th Cir. 1987). Thus, Federal Rule of Criminal Procedure 6(e) prohibits grand jurors, court reporters, and attorneys for the government from disclosing any matter occurring before the grand jury. Fed. R. Crim. P. 6(e)(2)(B). But there are exceptions.

> The court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding; [or] (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury . . . .

Id. R. 6(e)(3)(E). The need for disclosure must be demonstrated with particularity. Grand Jury, 832 F.2d at 62. In the context of grand jury transcripts, the Supreme Court has required the requesting party to show "that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Douglas Oil Co. of California v. Petrol Stops Nw., 441 U.S. 211, 222 (1979).

As the government here points out, courts have held that the "preliminarily to or in connection with a judicial proceeding" clause "applies only to situations where the judicial

6

proceeding for which disclosure of grand jury material is sought is a judicial proceeding different from the criminal trial authorized by the grand jury's indictment." United States v. Loc Tien Nguyen, 314 F. Supp. 2d 612, 615 (E.D. Va. 2004). Motta Law did not dispute this assertion.

3. *Analysis*

The parties seem to agree that the only relevant standard is Rule 6.[6] But, it appears that neither of the statutory exceptions could apply. Motta Law has not presented any basis to counter the Government's assertion that the "preliminarily to or in connection with a judicial proceeding" exception does not apply where, as here, the criminal proceeding flows out of the same grand jury proceeding. And it is unclear that Motta Law could seek to dismiss the indictment on the grounds that the crime-fraud-exception order was improperly applied. At least one court has held that:

> [O]nce the grand jury has received evidence that the putative defendant contends was illegally obtained, or has heard testimony that the putative defendant contends was protected by privilege, the dismissal of the ensuing indictment is not an appropriate remedy. Rather, the appropriate remedy is a post-indictment motion *in limine* to suppress the use of the evidence or testimony at trial.

In re Grand Jury Proc., 142 F.3d 1416, 1428 (11th Cir. 1998).

Even if one of the Rule 6 exceptions might apply, the Court finds that Motta Law has not established a particularized need for the motion and supporting documents. The Court considers the possible bases for needing the documents discussed at oral argument. First, to the extent Motta Law was genuinely confused about how to comply with the subpoena, that issue is moot. It has already complied with the subpoena, and the parties agreed that the Government is not seeking to enforce the subpoena or hold Motta Law in contempt with regards to its compliance with the subpoena.

---

[6] Even if Rule 16 also applies, it is likely that if Motta Law could show a particularized need for the information that outweighs the need for grand jury secrecy then it could also show that the information was also material to its defense.

7

The remaining reasons why Motta Law might need the motion and supporting documents all relate to possible defects in the briefing and attachments supporting the government's motion for the crime-fraud-exception order. But despite questioning by the Court, Motta Law was unable to identify a scenario that might result in finding that the order or subpoena were unconstitutional or otherwise defective such that the documents obtained should be suppressed, the indictment should be dismissed, or documents obtained from others should be suppressed. At oral argument counsel simply argued that were infinite ways the motion might be unconstitutional but counsel could not know without seeing it. But the Court cannot find that Motta Law has a particularized need for the government's motion and supporting documentation on the mere suggestion that some not only unidentifiable but also unimaginable defect or violation of a constitutional right could be revealed.

Of note, the standard for quashing a grand jury subpoena is high, with such subpoenas "presumed to be reasonable." In re Ingram, No. 12-431, 2012 WL 6840542, at *2 (E.D. La. Feb. 29, 2012). "A subpoena is reasonable under the Fourth Amendment if it: (1) commands the production of things relevant to the grand jury's investigation; (2) specifies what must be produced with reasonable particularity; and (3) requests the production of records covering a reasonable time period." In re Ingram, No. 12-431, 2012 WL 6840542, at *3 (E.D. La. Feb. 29, 2012). The government is **not** required to establish probable cause in support of a grand jury subpoena. Id.

Importantly, Judge Vitter has already considered and rejected Motta Law's challenges to the subpoena, including its argument that the crime-fraud-exception order has no connection to the subpoena. Motta Law did not demand *in camera* review to determine the applicability of the crime fraud exception to specific documents. It did not refuse to comply so that it could appeal any contempt order.

Moreover, there appears to be no privilege that Motta Law could assert. As the Government points out and Motta Law did not dispute, "the attorney-client privilege belongs solely to the client." In re Impounded Case (L. Firm), 879 F.2d 1211, 1213 (3d Cir. 1989); see In re Grand Jury Subpoenas, 561 F.3d 408, 411 (5th Cir. 2009). Motta Law has no standing to assert the privilege on its own behalf. Additionally, the government pointed out at oral argument that Motta Law is an entity that has no Fifth Amendment rights. See Braswell v. United States, 487 U.S. 99, 107 (1988) ("[T]he Fifth Amendment privilege applies only to natural individuals . . . .").

At oral argument, Motta Law's counsel mentioned it might also need the documents to determine whether it is required to self-report to the Bar Association for violating its ethical duty to its clients with regard to the attorney-client privilege. The Court fails to see how the government's motion and supporting documentation could assist Motta Law in making this determination regarding its ethical obligations.

The Court finds that Motta Law has failed to articulate a particularized need for the government's motion and supporting documentation with regard to the crime-fraud-exception order, let alone a need that could outweigh the principle of grand jury secrecy.

## Conclusion

For the foregoing reasons, Motta Law's Motion to Compel (Rec. Doc. 341) is DENIED.

New Orleans, Louisiana, this 13th day of August, 2025.

                                              Janis van Meerveld
                                              United States Magistrate Judge